21804

In the Matter of Donald Erwin ROTHWELL, Respondent.
(296 S. E. (2d) 870)

*Attorney Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Clifford O. Koon, Jr.,* Columbia, *for complainant.*

*Wilburn Brewer, Jr.,* Columbia, *for respondent.*

Nov. 1, 1982.

*Per Curiam:*

The Hearing Panel and the Board of Commissioners on Grievances and Discipline recommend respondent Donald Erwin Rothwell be publicly reprimanded for professional misconduct. We agree.

Respondent was retained by Richard Mowery to represent him in negotiations with Mowery's former employer, W. W.

Williams Company, who had transferred Mowery from Columbus, Ohio to Columbia. To facilitate the transfer, Williams Company loaned Mowery $47,000 to purchase a house in Columbia.

Mowery was discharged from Williams Company after he moved to Columbia, but before he had repaid the $47,000. Williams Company offered to buy Mowery's Ohio house and apply the equity to the debt, leaving a deficiency of $7,201.04.

Williams Company prepared and mailed to respondent a deed along with a letter requesting that respondent have his client, Mowery, execute and return the deed to Williams Company for filing. The letter also stated, "w[e] will expect your call if there are any questions."

Respondent surreptitiously altered the deed by inserting a paragraph satisfying the entire debt from Mowery to Williams Company, and mailed the deed to Williams Company with a letter which stated only:

> We are returning herewith your package to you duly executed. Once you have filed the deed of record, please forward on a clocked copy of same for our files. Thank You.

No notice was given Williams Company that the deed had been altered.

Willams Company filed the deed and sued Mowery for the deficiency. Respondent raised the altered deed as a defense.

Respondent contends the deed prepared by Williams Company was merely an offer, and his alteration of the deed constituted a counteroffer. Clearly, Williams Company expected respondent to either (1) have his client execute the deed or (2) telephone Williams Company. Respondent's letter to Williams Company gave no notice of the alteration, but rather, led Williams Company to believe he had complied with their request.

We agree with the Panel that respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation which is prejudicial to the administration of justice and adversely reflects on his fitness to practice law, all in violation of DR1-102(A)(1), (4), (5) and (6); DR7-102(A)3; and sections 5(b) and (d) of the Rule on Disciplinary Procedure of the Supreme Court of South Carolina. Accordingly, respondent

Donald Erwin Rothwell stands publicly reprimanded for his acts of professional misconduct.