489 S.E.2d 634

**In the Matter of John Evander WHITE, Respondent.**

**No. 24679.**

Supreme Court of South Carolina.

Heard July 8, 1997.

Decided Aug. 18, 1997.

Attorney General Charles M. Condon, and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

Clifford O. Koon, Jr., of Rogers Townsend & Thomas, P.C., Columbia, for respondent.

PER CURIAM:

Respondent was charged with misconduct in this attorney grievance matter because he removed a mortgage from the Lexington County R.M.C. Office without permission. In addition to this act, respondent admitted at the Panel Hearing [1] that after removing the mortgage, he altered its property

---

1. This case is governed by the Rule on Disciplinary Procedure, Rule 413, SCACR (repealed effective January 1, 1997).

description without notice to or the permission of the mortgagor or mortgagee, and then filed the altered mortgage in Richland County. At the hearing before this Court, respondent asked that we consider his misconduct in altering the mortgage along with his misconduct in removing it. We have done so, and now impose upon respondent a 60 day suspension from the practice of law.

The facts are essentially undisputed. A mortgage company prepared and executed a mortgage, and delivered the mortgage to respondent for filing in Richland County. In some parts, the mortgage described the property as being in Richland County, and at other points as being in Lexington County. Respondent filed the mortgage in Richland County. The Richland County R.M.C. Office noted the discrepancies in the property description, and notified respondent's office that the mortgage should be filed in Lexington County. Respondent picked up the mortgage and delivered it to the Lexington County R.M.C. Office on December 30, 1993.

On January 4, 1994, the mortgage company contacted respondent and demanded the mortgage be refiled in Richland County. Respondent went to the Lexington County R.M.C. Office to retrieve the mortgage, but was informed that Lexington's policy was to retain all documents filed with the R.M.C. Office, even if it were discovered that the property lay in a different county.[2] The R.M.C. employees therefore refused to allow respondent to remove the mortgage. Despite their refusal, respondent took the mortgage and returned to his office.[3] There, he noticed the erroneous property description in the mortgage, and took it upon himself to mark through that description, write on the mortgage "See Exhibit A," and attach to the mortgage a separate page marked Exhibit A, which included a description of a completely different property than that described in the mortgage. Respondent then filed the altered mortgage in Richland County.

The removal of the mortgage was discovered when the Lexington County R.M.C. Office was preparing documents for

---

2. It is undisputed that R.M.C. Office policies concerning misfiled documents vary greatly from county to county.

3. Respondent was unaware of S.C.Code Ann. § 30–5–100(1976) which establishes a procedure to transfer misrecorded documents.

microfilming and discovered the mortgage was missing. The employees contacted respondent, who readily admitted taking the mortgage.

As we noted above, the complaint charged respondent with misconduct based on his removal of the mortgage. Considering only this act, the Panel recommended a private reprimand; the Interim Review Committee adopted the Panel's findings of fact and conclusions of law, but 4–1 recommended respondent receive a public reprimand. The dissenting Committee member recommended a private reprimand be imposed. With respondent's consent, we also consider at this time his misconduct in altering the property description in the mortgage. *Compare In the Matter of Rothwell*, 278 S.C. 391, 296 S.E.2d 870 (1982) (public reprimand imposed for surreptitiously altering a deed).

We find respondent has violated Rule 8.4(c), of Rule 407, SCACR, by engaging in conduct involving moral turpitude; Rule 8.4(d), of Rule 407, SCACR, by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; Paragraph 5(D) of Rule 413, SCACR, by engaging in conduct tending to bring the legal profession into disrepute; and Paragraph 5(E) of Rule 413, SCACR, by engaging in conduct demonstrating a lack of professional competence. We therefore order respondent suspended from the practice of law for 60 days. He shall, within fifteen (15) days of the filing of this opinion, file an affidavit with the Clerk of this Court stating he has complied with Paragraph 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.